No. 752.— ALEXANDER LATIOLAIS *v.* LOUIS V. MOUTON.

The proces verbal of a surveyor appointed as an expert to determine a boundary line, if not authenticated, is nothing more than a memorandum, and is not therefore admissible in evidence as an authentic document on the trial of an action of boundary.

APPEAL from the Fifteenth Judicial District Court, parish of Lafayette. *M. O. Crow*, Judge *ad hoc*. *M. E. Girard*, for plaintiff and appellee. *Ed. E. Mouton*, for defendant and appellant.

HOWE, J. This is an action of boundary; to which there is no prescription. 21 An. 673; C. C. 825.

Upon the trial of this case the defendant reserved a bill of exceptions to the reception of a document offered by the plaintiff as a *pro-*

67

*ces verbal* of the surveyor, appointed as an expert, to determine provisionally a boundary line.

In our opinion the objection should have been sustained, and the paper excluded. The surveyor himself was not called. The paper was offered as authentic, to make full proof of itself. In order to do this it should have been made according to the formalities prescribed by article 833 [829] of the Civil Code, and signed by two witnesses called for the purpose; or contain a mention of the causes which prevent them from signing. In the absence of these formalities it is a mere memorandum which might have been produced and referred to by its maker on the witness stand, but which can not make full proof of itself. 4 An. 33, 382; 5 An. 122; 13 An. 128; C. C. 841, 833.

It is therefore ordered that the judgment appealed from be reversed, and the cause remanded for a new trial, and that appellee pay the costs of appeal.

———

TALIAFERRO, J. *dissenting.* The article 841 [835] in pursuance of which the preliminary inspection by the surveyor was made, and his report returned to the court to enable it to determine in what manner the judgment on the question of boundary should be finally rendered, does not require that the return, or report of the surveyor shall be signed by witnesses, or to be clothed with any of the formalities required by the articles 833, 834, 835, 836 and 837, which apply only when the ulterior and final survey and establishment of the boundary is made by measurement and the placing of permanent landmarks, which can only be done after the decree has been rendered, and in conformity with it. The exception I think should have been overruled.